**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Steven Irvin,<br>Plaintiff,<br>v.<br>Adriana Contreras; et al.,<br>Defendants. | Case No. 2:26-cv-00441-CDS-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 4). Plaintiff has also filed a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. However, because the Court finds that subject matter jurisdiction is unclear, Plaintiff's complaint does not comply with Rule 8, and Plaintiff appears to bring criminal claims in a civil action, the Court dismisses Plaintiff's complaint without prejudice and with leave to amend.

**I. *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 4). Plaintiff is homeless and uses his Supplemental Security Income ("SSI") benefits for hotel rooms and monthly medications. So, the Court finds that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II. Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III. Screening Plaintiff's complaint.**[1]

Plaintiff brings claims against Adriana Contreras, Carlos Julian Contreras, John H. Haritos, Rebekah, Julian, George, and Rebekah[2] for elder abuse, attempted murder, racketeering Mexican mafia connection, human trafficking, the use of illicit drugs to toxify victims, running a "hot house for criminals," false advertising, running a boarding house not to code, running a business endangering occupant's lives, making false statements to law enforcement, and using contacts in law enforcement to commit crimes.[3] Plaintiff alleges that on May 23, 2024, he was contacted by a friend regarding a job opportunity in which Defendants Adriana Contreras ("Adriana")[4] and Haritos were looking for a prospective manager for one of their properties. Plaintiff explains that the next day, he was invited to Haritos's residence for an interview and that—upon entering the residence—he saw a young black teenager who appeared to be intoxicated as well as children's toys in the hallway. Plaintiff then used the restroom at Haritos's

---

[1] Plaintiff's allegations are often scattered, out of order, and cut-off in various ways throughout his complaint. The Court does its best to summarize and piece together his allegations in a linear fashion. The Court simply summarizes Plaintiff's allegations and does not intend this summary to constitute findings of fact.

[2] "Rebekah" is named as a Defendant twice. Although Rebekah, Julian, George, and Rebekah are named as Defendants in the caption, Plaintiff alleges no facts against them in the body of his complaint.

[3] Plaintiff does not indicate which—if any—statute, code, common law, or constitutional provision his claims arise under.

[4] Because Defendants Adriana Contreras and Carlos Julian Conteras share the same last name, Defendant Adriana Contreras will be referred to as "Adriana" for clarity.

residence and after returning to the living room, Haritos said to Plaintiff, "I know all about you. You been to prison and your wife is a parole agent." Plaintiff does not specify what occurred during the rest of the interview.

Two days later, Plaintiff alleges that Haritos sent one of his workers to pick Plaintiff up and take him to the address 4124 Santa Terrasa Place, Las Vegas, NV 89121. At that location, Plaintiff asserts that he saw Haritos on the other side of a swimming pool fondling a five-year-old girl, which he believed to be Adriana's daughter. Plaintiff then immediately left the property and —despite notifying Adriana about what he had seen—Adriana responded with justifications appearing to condone Haritos's conduct. Although it is not completely clear, Plaintiff alleges that Adriana did not inform him that she had agreed to allow Haritos to retain a cubicle "to dump the females that he intentionally adulterated food." Plaintiff explains that Haritos and Adriana would have "females come over" to Haritos's residence so that he could "adulterate their drinks."

Plaintiff alleges that on or about June 5, 2024[5], Haritos sent a young woman named "Loos Ramos Ipina, Tracy Michelle."[6] Plaintiff asserts that "Michelle kept telling [Haritos], and the ex-husband, as well as Adriana's husband Carlos Julian." Plaintiff does not specify what these parties were told and for what purpose Michelle was sent. Over four months later, Plaintiff asserts that he and "the landlords"[7] did not come to an agreement and that Adriana's husband—Carlos Julian Contreras—threatened to kill Plaintiff if he reported anything he saw or heard. Plaintiff alleges that on October 28, 2025, either Adriana or Haritos ordered a new house lady to "adulterate [his] food."[8] Liberally construing Plaintiff's complaint, he appears to request

---

[5] Given that the events Plaintiff has alleged thus far take place in 2025, the Court construes Plaintiff's complaint to mean 2025.

[6] It is unclear whether "Loos Ramos Ipina, Tracy Michelle" is the name of one or multiple individuals. Plaintiff uses the name "Michelle" from this point on.

[7] Plaintiff uses the term "the landlords" multiple times in his complaint. The Court liberally construes this as referring to Defendants Adriana and Haritos in these instances because—as alleged by Plaintiff—they owned the property related to Plaintiff's initial property manager interview.

[8] Plaintiff's declaration is cut off here and the Court is unable to evaluate the rest of his attached declaration. However, in Plaintiff's *in forma pauperis application* the Court takes notice that Plaintiff alleges that Defendants tampered with his food by using a pesticide called "Hot Shot

injunctive relief to be placed into a hospital to receive care after being poisoned, to be placed in protective custody, and to "arrest wrongdoers [so] that [he] may face his accus[e]rs." Plaintiff further requests an emergency hearing and a "bid bond."[9]

### *A. The Court's Subject Matter Jurisdiction is Unclear.*[10]

As a threshold matter, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul*, 542 U.S. at 489. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936). Federal district courts "have original [subject matter] jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have subject matter jurisdiction over civil actions in diversity cases "where the

---

Bedbug & Flea Fogger" in retaliation for Plaintiff filing a complaint about Defendants illegally trafficking minors and adult females. He explains that he was hospitalized as a result of being poisoned. (ECF No. 4 at 4).

[9] It is unclear what Plaintiff's use of the term "bid bond" refers to in this context.

[10] Plaintiff indicates on his Civil Cover Sheet that the nature of this action relates to Social Security, but Plaintiff alleges no facts related or claims related to Social Security other than a demand for "a Court order for [the] social security administration to pay [him] dues without recourse." (ECF No. 1). He did not complete Section II of the Civil Cover Sheet, which requires Plaintiff to indicate the basis of jurisdiction. (ECF No. 1-2). He also did not complete Section III, which requires him to indicate the citizenship of the principal parties. (*Id.*). And while Plaintiff asserts that his case belongs in federal Court under "28 U.S.C. § 1746 the defendants has not and cannot move forward," this is an evidentiary statute that governs unsworn declarations. *See* 28 U.S.C. § 1746 (providing that unsworn declarations may have the same effect as sworn declarations if the plaintiff includes the following: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]."). Thus, the Court finds no basis for subject matter jurisdiction asserted by Plaintiff under 28 U.S.C. § 1746. *See Welch v. Dzurenda*, No. 3:23-CV-00224-ART-CLB, 2023 WL 8839703, at *6 (D. Nev. Dec. 20, 2023) (dismissing Plaintiff's claim with prejudice under 28 U.S.C. § 1746).

matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Caterpillar Inc.*, 519 U.S. at 68.

Here, whether the Court looks to diversity of citizenship or federal question, Plaintiff fails to plead sufficient facts to establish a basis for jurisdiction. Specifically, Plaintiff identifies no statute, code, common law, or constitutional provision allegedly violated; and Plaintiff again fails to plead any factual basis for his damages. It is Plaintiff's obligation to present factual allegations sufficient to state a claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341- 42 (9th Cir. 2010). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation omitted). However, a plaintiff may not simply state that a defendant did him wrong without providing notice of the actual claims against the defendant. *Benitez v. Schumacher*, Case No. 2:20- CV-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020). Because Plaintiff has not pleaded sufficient facts that would allow the Court to evaluate whether it has subject matter jurisdiction over his claims, the Court dismisses his claims without prejudice and with leave to amend.

***B. Plaintiff's Complaint Does Not Comply with Rule 8.***

Additionally, the complaint does not comply with Federal Rule of Civil Procedure 8. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Ninth Circuit recently made clear that district courts need not accept "shotgun pleadings." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026). There are four main types of shotgun pleadings which contravene Rule 8:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Gibson*, 165 F.4th at 287-88.

Shotgun pleadings undermine a fundamental purpose of Rule 8, which is to provide defendants with adequate notice of the plaintiff's claims, including the facts and the legal basis for relief. *Gibson*, 165 F.4th at 1289-90. The problem with such pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* "It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Id.* at 1289. Rather, "[f]actual allegations, however detailed, must be tied to corresponding causes of action." *Id.* at 1293. Pro se litigants must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Plaintiff's complaint fails to comply with the pleading standards outlined in Federal Rule of Civil Procedure 8. First, Plaintiff fails to allege facts that are connected to any particular cause of action. Plaintiff includes a declaration alleging the underlying events that took place between May–October of 2025. Plaintiff's purported claims are then listed in a scattered fashion throughout the rest of his complaint which in part include: "elder abuse, attempted murder, racketeering [M]exican mafia connection, [h]uman trafficking use of illicit drugs to toxify victims, [r]unning a "hot house for criminals," [f]alse advertising, running a boarding house not to code, running a business endangering occupant[']s lives, making false statements to law enforcement, and using contacts in law enforcement to commit crimes against [him]." (ECF No. 1-1 at 11). Liberally construing his complaint, it appears that he also brings claims for peonage, conversion, nuisance, trespass, and forgery. (*Id.* at 13).

However, Plaintiff does not tether any facts to any of his purported claims. Under Rule 8, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Here, Plaintiff does not even include "threadbare recitals of the elements of a cause of action." *Id.* He does not specify which Defendant did what or he fails to allege facts against certain defendants altogether. Plaintiff must identify each legal claim, identify the specific defendant responsible for the alleged violation, connect the facts to that claim, describe the resulting harm, and state the requested relief.

***C. Plaintiff Appears to Bring Criminal Claims in a Civil Action.***

Additionally, it appears that Plaintiff is attempting to bring criminal claims in a civil action. Criminal statutes generally do not provide any express private cause of action or other basis for civil liability. *See, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit). The Supreme Court has noted that a private right of action under a criminal statute has rarely been implied. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979).

The complaint raises a number of claims of a criminal nature (attempted murder, peonage, human trafficking, forgery, etc.). For instance, Plaintiff alleges that Defendants committed attempted murder. Plaintiff does not state whether he alleges his claims pursuant to a statute, or under a common-law theory. Nevertheless, Plaintiff's claim is a criminal provision with no private right of action. *See Markson v. Inter-Con Sec.*, No. 2:26-CV-02737-JAD-BNW, 2026 WL 2598098, at *1 (D. Nev. Sept. 2, 2026) (holding in part that attempted murder is a criminal provision "with no private right of action; a private litigant cannot enforce them civilly."). To the extent that Plaintiff amends his complaint, he must allege claims for which there is an independent private cause of action

***D. Plaintiff Requests Injunctive Relief Related to a Non-Party.***

Finally, Plaintiff requests injunctive relief ordering the CEO of UMC Hospital—Mason Van Houweling—to direct Plaintiff's care without any interference. However, the Federal Rules of Civil Procedure permit injunctive relief to bind "only the following [persons] who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2). Here, Mr. Van Houweling is not a party to the action; he is not an officer, agent, servant, employee, or attorney of one of the named parties; and Plaintiff supplies no allegations that Mr. Van Houweling acted in concert with any of the aforementioned. Plaintiff seeks relief that would necessarily require an extension of the Court's equitable powers over nonparties to the case—specifically, CEO Mason Van Houweling, UMC Hospital, and its medical staff. Plaintiff has

identified no authority under which the Court can order a non-party to take action through an injunction.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **granted.** Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but not issue summonses.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order to his physical address.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed without prejudice and with leave to amend.** Plaintiff shall have until **December 11, 2026,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: November 12, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE